**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1512
_____

ARIE OREN,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JOHN E. WETZEL, Secretary of Department of Corrections;
LAUREL R. HARRY, Superintendent of SCI-Camp Hill;
SERGEANT RIVERA, Correctional Officer SCI-Camp Hill;
LAGOVINO, Unknown staff member SCI-Camp Hill
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:20-cv-02451)
Magistrate Judge: Joseph F. Saporito, Jr.
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
January 18, 2023
_____

Before: AMBRO, PORTER, and FREEMAN,
*Circuit Judges*.

(Filed: January 19, 2023)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not
binding precedent.

PORTER, *Circuit Judge*.

Arie Oren was an inmate at SCI-Camp Hill in Pennsylvania from 2013 to 2019 before being deported to Israel. He sued the Pennsylvania Department of Corrections and four of its officials ("Defendants") under 42 U.S.C. § 1983 for depriving him of his Eighth and Fourteenth Amendment rights. A magistrate judge properly dismissed these claims, so we will affirm.

## I

The parties consented to jurisdiction before Magistrate Judge Saporito. 28 U.S.C. § 636(c)(1). The Court had federal-question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction over its final order under 28 U.S.C. §§ 636(c)(3) and 1291. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 481 (3d Cir. 2019).

To survive a motion to dismiss, a complaint must contain factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a)(2), 12(b)(6). We review a District Court's order granting a motion to dismiss de novo. *Chang v. Child.'s Advoc. Ctr. of Del. Weih Steve Chang*, 938 F.3d 384, 386 (3d Cir. 2019).

## II

According to Oren, in March 2019, prison officials searched the cell that he shared with another inmate. The officials discovered a cell phone and placed Oren in administrative custody pending investigation. One month later, Oren was notified that he

was no longer under investigation but would remain in administrative custody due to safety concerns. After a stay of 123 days in administrative custody, Oren was paroled on July 30, 2019, and transferred to immigration detention. He was deported in April 2020.

Oren says that the Defendants violated his Eighth Amendment rights against cruel and unusual punishment by unjustifiably placing him in administrative custody. He concedes that the initial stay of 30 days was permissible for investigative reasons but challenges the remaining 93 days. "To prove a violation of the Eighth Amendment, an inmate must show that he has been deprived of the minimal civilized measure of life's necessities." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (internal quotation marks and citation omitted). Oren correctly states this rule but provides no supporting allegations. And we have made clear that, standing alone, placement in administrative custody is not cruel and unusual punishment. *Id.* So the magistrate judge correctly dismissed this claim.

Oren also argues that the Defendants violated his due process rights by not explaining why he remained in administrative custody after the investigation into the cell phone incident concluded. To secure the protection of the Due Process Clause of the Fourteenth Amendment, a plaintiff must assert a protected life, liberty, or property interest. U.S. Const. amend. XIV, § 1; *Meachum v. Fano*, 427 U.S. 215, 224 (1976). "As long as the conditions or degree of confinement . . . is not otherwise violative of the Constitution," inmates do not have a protected interest in serving their sentence at a particular prison or custody status. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976). So

Oren's due process claim never gets off the ground, and the magistrate judge properly dismissed it.

After the magistrate judge dismissed his claims, Oren asked for leave to amend his complaint. In civil rights cases, trial courts are required to grant such leave unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The magistrate judge correctly concluded that an amendment would be futile because, in addition to the shortcomings discussed above, Oren failed to assert that any individual defendants were personally involved in his administrative custody. The Court considered Oren's supplemental submissions aimed at establishing personal involvement and found them unpersuasive. We review a denial of leave to amend for an abuse of discretion. *Id.* We find none here.

III

For the reasons stated above, we will affirm the District Court.